**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT PAUL,                          No. C 05-0118 CRB (PR)

12            Petitioner,              **MEMORANDUM AND ORDER**
                                        **DENYING PETITION FOR A WRIT**
13    v.                                **OF HABEAS CORPUS**

14  TOM CAREY, Warden,

15            Respondent.
    _____/

16

17        Petitioner, a state prisoner incarcerated at California State Prison, Solano, seeks a writ

18  of habeas corpus under 28 U.S.C. § 2254.

19                      **STATEMENT OF THE CASE**

20        Petitioner was convicted by a jury in the Superior Court of the State of California in

21  and for the County of Alameda for (1) selling cocaine and (2) possessing cocaine base for

22  sale.  Petitioner admitted a prior strike allegation and an on-bail enhancement.  On March 14,

23  2003, he was sentenced to twelve years and eight months in state prison.

24        The California Court of Appeal affirmed the judgment of the trial court on December

25  17, 2003, and the Supreme Court of California denied review on February 24, 2003.

26        Petitioner also unsuccessfully sought collateral relief from the state courts.  On

27  December 1, 2004, the Supreme Court of California denied his final requests for state habeas

28  relief.

United States District Court

For the Northern District of California

1    Petitioner then filed the instant federal petition for a writ of habeas corpus under 28

2    U.S.C. § 2254.  Per order filed on April 15, 2005, the Court found that the petition, when

3    liberally construed, stated cognizable claims under § 2254 and ordered respondent to show

4    cause why a writ of habeas corpus should not be granted.  Respondent filed an answer to the

5    order to show cause, and petitioner filed a traverse.

6                                **FACTUAL BACKGROUND**

7    A search warrant was issued on June 19, 2001 for the search of petitioner, his house

8    and his two vehicles, based on the affidavit of Detective David Lindenau.  Lindenau testified

9    that he conducted a controlled buy using a confidential reliable informant "X" around June

10   11, 2001.  X identified petitioner from a photo as the dealer who sold him cocaine from 3425

11   Chestnut Street in Oakland, California.

12   At about 7:00 a.m. on June 28, 2001, Berkeley police, under the direction of

13   Lindenau, executed a search warrant for petitioner and his residence at 3425 Chestnut Street.

14   A search of petitioner revealed $515 in cash, a cell phone, six marijuana joints and packaging

15   material.  Lindenau arrested petitioner for possession of marijuana for sale.  The police later

16   found a false book containing about twenty-three grams of cocaine and five grams of

17   marijuana, used and new drug packaging material, a digital scale, and over $13,000 in cash in

18   six videotape cases in a search of the residence, and a box of hypodermic needles in

19   petitioner's car.

20   Petitioner was charged on December 26, 2001 with possession of cocaine base for sale

21   (Cal. Health & Saf. Code § 11351.5), possession of marijuana for sale (Cal. Health & Saf.

22   Code § 11359) and unauthorized possession of a hypodermic needle or syringe (Cal. Bus. &

23   Prof. Code § 4140).  The information alleged petitioner had one prior strike conviction.

24   Petitioner was released on bail on December 13, 2001.

25   //

26   //

27   //

28   //

                                        2

United States District Court

For the Northern District of California

1    On May 18, 2002, Officer Roundtree conducted surveillance of the 3400 block of

2  Chestnut Street.[1]  He observed a woman contact petitioner in front of 3425 Chestnut Street.

3  At Roundtree's request, Officer Vallimont contacted the woman, later identified as Brenda

4  Green, and noticed she had a twist in her mouth containing suspected cocaine.  Ms. Green

5  spit out the bag and indicated she purchased the drugs from a man at 34th and Chestnut; Ms.

6  Green was subsequently arrested.

7    Shortly thereafter on the same day, Roundtree observed a man and a woman, later

8  identified as Mr. Kellum and Ms. Dupree, approach petitioner's residence and conduct a

9  hand-to-mouth transaction consistent with drug sales.  Roundtree radioed officers assigned to

10  an arrest team in the area, and Officers Crum and Cowles arrested Mr. Kellum and Ms.

11  Dupree within two minutes.  The officers apprehended the pair about a block from Chestnut

12  Street.  The officers recovered cocaine in a bag from Mr. Kellum.  Ms. Dupree indicated she

13  purchased a dime bag from a black male in his fifties named "Bob" outside a house near

14  Chestnut and 35th Street.  Ms. Dupree then gave the bag to Mr. Kellum.

15    On June 26, 2002, a separate information was filed charging petitioner with selling

16  cocaine base, a § 11352 violation, while on bail at the time of the offense awaiting trial on

17  the June 2001 possession charges.

18    On January 16, 2003, the court granted the prosecution's motion to consolidate the

19  two cases.  The possession of marijuana for sale and unauthorized possession of a

20  hypodermic needle or syringe counts were dismissed.

21    On February 3, 2003, petitioner admitted the on-bail enhancement and, on February 6,

22  2003, a jury found petitioner guilty of selling cocaine base (§ 11352 violation) and

23  possession of cocaine base for sale (§ 11351.5 violation).  Petitioner admitted the prior strike

24  conviction allegation.

25

26  _____

27    [1]There is a discrepancy in the record as to the date of these events.  During the trial, counsel inadvertently referred to this date as May 18, 2000.  See Rep.'s Tr. at 437, 451.  In the response to the order to show cause,  respondent dated these events accordingly.  However, the

28  record makes clear the event took place in May 2002, after the first arrest in June 2001.  See Second Information, June 26, 2002.

1    On March 14, 2003, the court sentenced petitioner to a four-year middle term for

2   selling cocaine base, doubled to eight years pursuant to the three strikes law; a consecutive

3   one-third of the middle term, or sixteen months, doubled to two years, eight months, pursuant

4   to the three strikes law, for possession of cocaine base for sale; and two years for the on-bail

5   enhancement.

6                                              **DISCUSSION**

7   I.    Standard of Review

8        This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

9   in custody pursuant to the judgment of a State court only on the ground that he is in custody

10  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

11       The writ of habeas corpus may not be granted with respect to any claim that was

12  adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1)

13  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

14  established Federal law, as determined by the Supreme Court of the United States; or (2)

15  resulted in a decision that was based on an unreasonable determination of the facts in light of

16  the evidence presented in the State court proceeding."  Id. § 2254(d).

17       "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state

18  court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of

19  law or if the state court decides a case differently than [the] Court has on a set of materially

20  indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the

21  'reasonable application clause,' a federal habeas court may grant the writ if the state court

22  identifies the correct governing legal principle from [the] Court's decisions but unreasonably

23  applies that principle to the facts of the prisoner's case."  Id. at 413.

24       "[A] federal habeas court may not issue the writ simply because the court concludes in

25  its independent judgment that the relevant state-court decision applied clearly established

26  federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."

27  Id. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask

28  whether the state court's application of clearly established federal law was "objectively

United States District Court
For the Northern District of California

4

1  unreasonable." Id. at 409.

2      The only definitive source of clearly established federal law under 28 U.S.C. §

3  2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the

4  state court decision.  Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).

5  While circuit law may be "persuasive authority" for purposes of determining whether a state

6  court decision is an unreasonable application of Supreme Court precedent, only the Supreme

7  Court's holdings are binding on the state courts and only those holdings need be

8  "reasonably" applied.  Id.

9  II.   Claims

10     Petitioner raises seven claims for relief under § 2254: (1) insufficient evidence to

11  support the conviction of selling cocaine (Pet. Claims 1, 18); (2) ineffective assistance of

12  counsel at the preliminary hearing (Pet. Claim 11), trial (Pet. Claims 4, 7, 13, 15), and on

13  appeal (Pet. Claim 10); (3) the trial court erred by (a) admitting improperly obtained

14  evidence (Pet. Claim 3), (b) allowing a defective warrant for search and arrest (Pet. Claims 5,

15  6, 8), (c) allowing the joinder of the two counts (Pet. Claims 14, 17), and (d) failing to grant a

16  motion to reveal the identity of a confidential informant (Pet. Claim  9); (5) the court of

17  appeal erred by failing to provide an augmentation of the record to petitioner (Pet. Claim 20);

18  (6) the State of California maintains unconstitutional policies of (a) requiring parole after the

19  full service of a sentence (Pet. Claim 19), (b) failing to provide effective assistance of

20  appellate counsel to indigent defendants (Pet. Claim 16), and (c) administering Proposition

21  115 that allows admission of hearsay and deprives defendants of the right to confront

22  witnesses (Pet. Claim 12); and (7) the statute under which petitioner was convicted is

23  unconstitutionally vague and ambiguous (Pet. Claim 2).

24     A.    Sufficiency of the Evidence

25     Petitioner claims that there is insufficient evidence to support his conviction for sale

26  of cocaine because the prosecution provided no direct evidence of the alleged sale, merely

27  the testimony of the police officers who witnessed an exchange of unidentified objects.  Pet.

28  Claims 1, 18.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1       The relevant inquiry on review of a constitutional challenge to the sufficiency of the

2    evidence to support a criminal conviction is "whether, after viewing the evidence in the light

3    most favorable to the prosecution, *any* rational trier of fact could have found the essential

4    elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319

5    (1979) (emphasis in original).  The reviewing court "faced with a record of historical facts

6    that supports conflicting inferences must presume--even if it does not affirmatively appear on

7    the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and

8    must defer to that resolution." Id. at 326.

9       Here, the evidence of the transaction between petitioner and Ms. Dupree underlying

10    the § 11352 violation would allow the trier of fact to conclude that the prosecution proved

11    beyond a reasonable doubt the essential elements of the crime, sale of cocaine base.  Officer

12    Roundtree testified that he observed a hand-to-mouth transfer between petitioner and Ms.

13    Dupree on May 18, 2002:  Mr. Kellum and Ms. Dupree approached petitioner's residence.

14    They separated, and Ms. Dupree approached petitioner.  Petitioner placed his left hand to his

15    mouth and then held his left hand to Ms. Dupree.  Ms. Dupree touched his left hand with her

16    right hand and then clasped petitioner's left hand with her right hand.  Ms. Dupree walked

17    back to the street where she met Mr. Kellum and handed him something with her right hand.

18    Mr. Kellum touched his index finger of his right hand to his left palm, and then put his left

19    palm to his mouth.  Mr. Kellum and Ms. Dupree walked northbound on Chestnut and then

20    eastbound on 35th Street and out of Roundtree's view.  Roundtree radioed the arrest team in

21    the area to intercept the two.  Officer Crum was on the arrest team and observed Mr. Kellum

22    and Ms. Dupree heading to a liquor store on 34th street; less than a minute later, he and

23    Officer Cowles followed them into the liquor store.  Crum contacted Mr. Kellum in the

24    liquor store; Mr. Kellum spit a piece of crack out of his mouth on the floor.  Testing

25    indicated the piece contained cocaine base and weighed .21 grams.  No one made physical

26    contact with Mr. Kellum or Ms. Dupree between the contact with petitioner and their arrest.

27       This evidence is sufficient to allow a reasonable trier of fact to believe the essential

28    elements of § 11352 were proven beyond a reasonable doubt.  See Jackson, 443 U.S. at 319.

It matters not that much of the evidence was circumstantial because it is well established that "circumstantial evidence and inferences drawn from the evidence are sufficient to sustain a conviction." Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir. 1995). Petitioner is not entitled to federal habeas relief on this claim. The state court's rejection of petitioner's insufficiency of the evidence claim was not contrary to, or involved an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d).

### B. Ineffective Assistance of Counsel

Petitioner claims that his constitutional rights were violated due to ineffective assistance of counsel at the preliminary hearing, trial and appeal. Petitioner specifically alleges that counsel at the preliminary hearing was unready, failed to file dispositive motions, and failed to challenge the warrants under § 1538.5 (Pet. Claim 11); counsel at trial failed to challenge the sufficiency of the warrant (Pet. Claim 4), failed to preserve the issue of illegal arrest for appeal (Pet. Claim 7), failed to subpoena hostile witnesses (Pet. Claim 13), and failed to properly investigate prior to questioning a witness (Pet. Claim 15); and appellate counsel failed to provide a briefing based on the denial of the informant's disclosure (Pet. Claim 10).

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, a petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it "fell below an objective standard of reasonableness" under the prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

In order to show prejudice under Strickland from failure to make a motion, petitioner must show that (1) had his counsel made the motion, it is reasonable that the trial court would have granted it as meritorious; and (2) had the motion been granted, it is reasonable that there would have been an outcome more favorable to him. Wilson v. Henry, 185 F.3d 986, 990

7

(9th Cir. 1999).

                1.       <u>Preliminary Hearing</u>

Petitioner claims counsel failed to provide effective assistance during the preliminary hearing on the grounds of "being unready," "failing to file dispositive motions," and failing to challenge the warrants under § 1538.5. Petitioner is not entitled to federal habeas relief on the first two grounds because it is well established that conclusory allegations of ineffectiveness do not warrant relief. <u>See</u> <u>Jones v. Gomez</u>, 66 F.3d 199, 205 (9th Cir. 1995). A habeas petitioner can make out a claim of ineffective assistance of counsel only by pointing to specific errors made by trial counsel. <u>United States v. Cronic</u>, 466 U.S. 648, 666 (1984).

The third ground raises a specific error based on failure to raise a Fourth Amendment claim. A claim that defense counsel failed to litigate (or properly litigate) a Fourth Amendment claim is not barred by <u>Stone v. Powell</u>, 428 U.S. 465, 481-82, 494 (1976), which ordinarily bars federal habeas relief of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. <u>See</u> <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 373-83 (1986).

In order to establish ineffective assistance of counsel based on defense counsel's failure to litigate a Fourth Amendment issue, petitioner must show that: (1) the overlooked motion to suppress would have been meritorious, and (2) there is a reasonable probability that the jury would have reached a different verdict absent the introduction of the unlawful evidence. <u>Ortiz-Sandoval v. Clarke</u>, 323 F.3d 1165, 1170 (9th Cir. 2003) (citing <u>Kimmelman</u>, 477 U.S. at 375).

Although petitioner claims that counsel failed to raise the issue of his warrantless arrest, the record makes clear that, at the time of the arrest, the police were executing a search of petitioner and his home pursuant to a warrant. The warrant specifically authorized the search of petitioner and was supported by probable cause to believe there may be drugs and drug paraphernalia in petitioner's home or on his person. The police discovered six marijuana joints on petitioner and arrested him for possession of marijuana for sale. In the

United States District Court

For the Northern District of California

search of petitioner's residence, the police also discovered a false book containing cocaine, a digital scale, drug packaging material, and over $13,000 in cash in videotape cases. A motion to contest the arrest on Fourth Amendment grounds would not have been meritorious, failing the first prong of the Kimmelman test. See id.

Petitioner also claims that counsel failed to raise a motion to exclude the currency found in his apartment. During the search, police officers found over $13,000 hidden in six videotape cases. Petitioner claims the money should have been excluded as it was not an item listed in the search warrant. Even if the motion were meritorious, which is debatable under the plain view doctrine, there is little chance of an outcome more favorable to petitioner because of the plethora of other, more incriminating evidence in his residence, including a large amount of cocaine, the digital scale, and the variety of drug packaging material (some used). Sergeant O'Rourke testified at trial that the 22.4 grams of cocaine base found in petitioner's home could yield between 50-90 rocks of cocaine, indicating intent to sell. It simply cannot be said that the failure to raise the motion, even had it been granted and found meritorious, would have resulted in an outcome more favorable to petitioner. See id. Petitioner is not entitled to federal habeas relief on this claim. See 28 U.S.C. § 2254(d).

### 2. Trial Counsel

Petitioner first claims that trial counsel was ineffective for failing to challenge the sufficiency of the warrant and thereby allowing the admission of the money not named in the warrant into evidence. This claim, addressed above, is without merit because, even if the motion had been granted, it would not have resulted in an outcome more favorable to petitioner because of the other evidence found in the residence.

Second, petitioner claims trial counsel was ineffective for failing to preserve the issue of the warrantless arrest for appeal. The arrest was pursuant to a search of petitioner, authorized by a warrant, that yielded six marijuana joints. A lawyer need not file a motion that he knows to be meritless on the facts and the law. Put simply, trial counsel cannot have been ineffective for failing to raise a meritless motion. Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005); Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996). There is little

9

United States District Court

For the Northern District of California

1   chance this motion, if raised, would have been granted.  The failure to preserve for appeal the

2   issue of the allegedly illegal arrest did not constitute ineffective assistance of counsel.

3       Third, petitioner claims trial counsel was ineffective by failing to subpoena hostile

4   witnesses.  Petitioner states the testimony of Green, Dupree and Kellum could have aided in

5   his defense, and that counsel should have interviewed them and called them as witnesses.  He

6   claims their testimony "would have possibly disputed the police's take on events."

7       The duty to investigate and prepare a defense does not require that every conceivable

8   witness be interviewed.  Hendricks v. Calderon, 70 F.3d 1032, 1040 (9th Cir. 1995).  When

9   the record shows that the lawyer was well-informed and petitioner fails to state what

10  additional information would be gained by the discovery he now claims was necessary, an

11  ineffective assistance claim fails.  Id.  A petitioner's mere speculation that a witness might

12  have given helpful information if interviewed is not enough to establish ineffective

13  assistance.  Bragg v. Galaza, 242 F.3d 1082, 1087 (9th Cir.), amended, 253 F.3d 1150 (9th

14  Cir. 2001).  To establish prejudice caused by the failure to call a witness, a petitioner must

15  show that the witness was likely to have been available to testify, that the witness would have

16  given the proffered testimony, and that the witnesses' testimony created a reasonable

17  probability that the jury would have reached a verdict more favorable to petitioner.  Alcala v.

18  Woodford, 334 F.3d 862, 872-73 (9th Cir. 2003).

19      Here, petitioner merely speculates that the three witnesses may have revealed

20  information that "could aid the defense."  He does not identify specific information that may

21  have been gained from further investigation or testimony.  Petitioner is not entitled to federal

22  habeas relief on his speculation.  See id.

23      Finally, petitioner claims trial counsel was ineffective by failing to investigate

24  properly prior to questioning a witness.  Petitioner speculates that trial counsel did not know

25  how Officer Lindenau would answer a question about the back door of 3425 Chestnut Street.

26  Lindenau indicated the back door had been broken from prior search warrants.  Petitioner

27  asserts that this answer was unexpected by counsel and prejudicial to his defense.

28      A difference of opinion as to trial tactics does not constitute denial of effective

**United States District Court**
For the Northern District of California

assistance, <u>United States v. Mayo</u>, 646 F.2d 369, 375 (9th Cir. 1981), and tactical decisions are not ineffective assistance simply because in retrospect better tactics are known to have been available.  <u>Bashor v. Risley</u>, 730 F.2d 1228, 1241 (9th Cir. 1984).  A trial attorney has wide discretion in making tactical decisions.  <u>United States v. Rodriguez-Ramirez</u>, 777 F.2d 454 (9th Cir. 1985).

Petitioner's counsel based the defense on the failure of the prosecution to demonstrate that petitioner solely controlled the premises of 3425 Chestnut Street.  Officer Lindenau's answer may have supported, not hindered, the defense's claim that the prosecution failed to establish that petitioner controlled the premises of 3425 Chestnut Street.  In this light, trial counsel's cross-examination tactics were not objectively unreasonable.  And importantly, there is no indication of prejudice, as it was uncontested that the house was a drug safe house.  Petitioner is not entitled to federal habeas relief on this claim.  <u>See</u> 28 U.S.C. § 2254(d).

### 3.    Appellate Counsel

Petitioner claims that appellate counsel failed to raise two issues: denial by the trial court of the disclosure of informant's identity and failure of the trial court to hold an evidentiary hearing in camera to determine if the informant should be ordered disclosed.  Counsel instead raised the issue that the cocaine was not tested, as the portion of the record containing the police's testimony was omitted on appeal.  Unfortunately for petitioner, the record was augmented to include police testimony, and the appeal was denied.  <u>See</u> <u>People v. Paul</u>, No. A102067, 2003 Cal. App. Unpub. LEXIS 11787, *1-2 (Cal. Ct. App. Dec. 17, 2003).

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right.  <u>Evitts v. Lucey</u>, 469 U.S. 387, 391-405 (1985).  Claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in <u>Strickland</u>, 466 U.S. 668 (1984).  A petitioner therefore must show that counsel's advice fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, he

United States District Court

For the Northern District of California

1    would have prevailed on appeal.  Miller v. Keeney, 882 F.2d 1428, 1434 & n.9 (9th Cir.

2    1989) (citing Strickland, 466 U.S. at 688, 694; United States v. Birtle, 792 F.2d 846, 849 (9th

3    Cir. 1986)).

4         It is important to note that appellate counsel does not have a constitutional duty to

5    raise every nonfrivolous issue requested by petitioner.  Jones v. Barnes, 463 U.S. 745, 751-

6    54 (1983); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Miller, 882 F.2d at

7    1434 n.10.  The weeding out of weaker issues is widely recognized as one of the hallmarks of

8    effective appellate advocacy.  Id. at 1434 (footnote and citations omitted).

9         Petitioner fails to meet the standard established in Strickland.  He does not show that

10   the issue of the informant's identity is non-frivolous.  Given the significant evidence of

11   possession of cocaine at 3425 Chestnut Street, and the testimony of police officers observing

12   alleged drug sales (including the testimony of buyers inculpating petitioner), the identity of

13   the informant is not a crucial element providing the basis for conviction.  The issue of the

14   informant's identity could reasonably be considered a weak claim, which counsel reasonably

15   could weed out.  See id.  Furthermore, there is no showing that, had appellate counsel raised

16   this issue, petitioner would have prevailed on appeal.  See id.  Petitioner is not entitled to

17   federal habeas relief on this claim.  See 28 U.S.C. § 2254(d).

18        C.    Trial Court Errors

19        Petitioner claims his constitutional rights were violated when the trial court erred by

20   violating search and seizure provisions of the Fourth Amendment by admitting improperly

21   obtained evidence (Pet. Claim 3), and allowing a defective search warrant and warrantless

22   arrest (Pet. Claims 5, 6).  He further claims that the illegally gained warrant and the

23   warrantless arrest of petitioner rendered the proceedings unfair and unconstitutional, in

24   violation of the Sixth Amendment.  Pet. Claim 8.  Petitioner also claims the trial court erred

25   by allowing the joinder of the two counts.  Pet. Claims 14, 17.  Finally, he claims the trial

26   court erred by failing to grant a motion to reveal the identity of a confidential informant.  Pet.

27   Claim 9.

28   //

**United States District Court**

For the Northern District of California

1          1.      Fourth Amendment Claims

2          Petitioner claims the trial court allowed inadmissable evidence to be presented at trial.

3   He specifically claims the evidence was inadmissable because the search warrant contained

4   no mention of the money found at 3425 Chestnut Street.  He argues that the search warrant

5   was improvidently issued, and the arrest warrantless and unconstitutional.

6          Stone bars federal habeas review of Fourth Amendment claims unless the state did not

7   provide an opportunity for full and fair litigation of those claims.  Even if the state courts'

8   determination of the Fourth Amendment issues is improper, it will not be remedied in federal

9   habeas corpus actions so long as petitioner was provided a full and fair opportunity to litigate

10  the issue.  Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983).  All Stone requires is the

11  initial opportunity for a fair hearing.  Such an opportunity for a fair hearing forecloses this

12  court's inquiry upon habeas petition into the trial court's subsequent course of action,

13  including whether or not the trial court made any express findings of fact.  Caldwell v. Cupp,

14  781 F.2d 714, 715 (9th Cir. 1986).  The existence of a state procedure allowing an

15  opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's

16  actual use of those procedures, bars federal habeas consideration of those claims.  Gordon v.

17  Duran, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated 4th

18  Amendment claim in state court is irrelevant if he had opportunity to do so under California

19  law).  California state procedure provides an opportunity for full litigation of any Fourth

20  Amendment claim.  Petitioner's Fourth Amendment claims are barred under Stone.

21          2.      Sixth Amendment Claims

22         Petitioner reasserts his Fourth Amendment claims in the context of the Sixth

23  Amendment by alleging the illegally gained search warrant and warrantless arrest so infected

24  the entire trial as to render it unconstitutional and unfair.  Recharacterizing a search and

25  seizure claim as a Sixth Amendment or due process claim, without more, is not enough to

26  bypass Stone.

27          3.      Joinder

28         Petitioner claims the trial court erred by allowing the joinder of the two counts,

13

resulting in a prejudiced jury verdict.  A joinder of counts may prejudice a defendant sufficiently to render his trial fundamentally unfair in violation of due process.  Grisby v. Blodgett, 130 F.3d 365, 370 (9th Cir. 1997); Herd v. Kincheloe, 800 F.2d 1526, 1529 (9th Cir. 1986).  To prevail, petitioner must demonstrate that the state court's joinder resulted in prejudice great enough to render his trial fundamentally unfair.  Id.  In addition, the impermissible joinder must have had a substantial and injurious effect or influence in determining the jury's verdict.  Sandoval v. Calderon, 241 F.3d 765, 772 (9th Cir. 2000).  But joinder generally does not result in prejudice if the evidence of each crime is simple and distinct (even if the evidence is not cross admissible), and the jury is properly instructed so that it may compartmentalize the evidence.  Bean v. Calderon, 163 F.3d 1073, 1085-86 (9th Cir. 1998).

Petitioner claims that "it is absolutely certain and uncontrovertible that the prosecution joined the weaker charges of sales of cocaine to that of the stronger charge of possession." He argues the sales charge was weak because there was no direct evidence of a cocaine sale between petitioner and the buyers.

The trial court found that neither charge was particularly stronger or weaker than the other in considering the motion to consolidate:

> The court read the facts scenario that was contained in the opposition to the motion to consolidate that was filed by the public defender's office.  So I get a feel of the nature of the cases.  I don't see this is a case where one case is weak and the other is strong and it's an attempt to bootstrap the weaker case onto the stronger case by consolidating.  They're certainly not inflammatory by their nature compared to the status of the crime in the City of Oakland.  Drug sales and possession for sales are almost all too common.
>
> There certainly would be an impact on the judicial economy and administration of justice to try these together.  There is a potential for cross-admissibility, although cross-admissibility is not a key factor.  While there may be cross-admissibility in this case, the fact they took place at the same location, the fact they're only a year apart certainly does not weigh in favor of keeping them separate.  Also, the court would find that trying them together would not prejudice the defendant in such a way it would deprive him of due process of a fair trial and there would be to the trier of fact [sic], so the motion to consolidate is granted.

RT 4-5.

Petitioner has not demonstrated that joinder had a substantial and injurious effect or

United States District Court

For the Northern District of California

influence in determining the jury's verdict.  See Sandoval, 241 F.3d at 778.  Contrary to petitioner's assertion that the only evidence of the sale is the "house full of cocaine," substantial evidence was presented in support of the sale claim.  The buyers were apprehended within two minutes of the transaction, possessed cocaine, and identified petitioner as the seller.  On the other hand, the defense counsel emphasized during cross-examination of Officer Roundtree that the police could not confirm seeing the materials transferred from petitioner to the other parties.  Consolidation of the two counts did not prejudice petitioner's defense, as both counts were supported independently of one another. Petitioner's claim fails because the state court's joinder decision cannot be said to be objectively unreasonable.  See 28 U.S.C. § 2254(d).

4.  Disclosure of Confidential Informant

Petitioner claims the trial court erred by failing to grant a motion to reveal the identity of a confidential informant.  The confidential informant provided the basis for the search warrant of 3425 Chestnut Street.  Petitioner challenges the validity of the search warrant and alleges vaguely that the failure to disclose the informant's identity at trial precluded the defense from confronting and investigating this potential witness.

To whatever extent petitioner's claim implicates the Fourth Amendment, it is barred by Stone.  And to whatever extent it implicates the Sixth Amendment, the claim fails for failure to demonstrate prejudice.  Evidence of the informant's alleged transaction with petitioner was not used at trial.  Petitioner's claim that the identity of the informant, and his potential testimony, may have been exculpatory is based on mere speculation.  Petitioner is not entitled to federal habeas relief on his disclosure of confidential informant claim.  See 28 U.S.C. § 2254(d).

E.  Appellate Court Error

Petitioner claims the California Court of Appeal erred by failing to provide an augmentation of the record to him.  Pet. Claim 20.

The failure to provide a criminal defendant with a transcript of the trial court proceedings which effectively denies him his right to a timely appeal may deprive him of his

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  constitutional right to due process of law.  See Madera v. Risley, 885 F.2d 646, 648 (9th Cir.

2  1989) (state's failure to provide full record of trial may violate defendant's due process rights

3  and form basis for federal habeas corpus relief).  Two criteria are relevant to this

4  determination: (1) the value of the transcript to the defendant in connection with the appeal

5  or trial for which it is sought; and (2) the availability of alternative devices that would fulfill

6  the same functions as a transcript.  See Britt v. North Carolina, 404 U.S. 226, 227 & n.2

7  (1971); Madera, 885 F.2d at 648.

8      Petitioner does not indicate the portion of the transcript allegedly missing.  The matter

9  of the omitted testimony of Todd Weller, a criminalist employed the by Oakland Police

10  Department, was resolved on appeal.  Appellate counsel claimed the record failed to indicate

11  the nature of the substance sold by petitioner.  See People v. Paul, 2003 Cal. App. Unpub.

12  11787, at *1-2.  The California Court of Appeal found that this portion had been erroneously

13  omitted from the record on appeal.  Id.  The Attorney General augmented the record to

14  include the January 30, 2003, testimony of Todd Weller, a criminalist employed by the

15  Oakland Police Department.  Id.  Weller testified that the substance contained cocaine base

16  and weighed .21 grams.  Id.  The court denied the appeal.  Id.

17      Petitioner is not entitled to federal habeas relief on his conclusory claim of missing

18  transcript.  The only evidence of a missing transcript was rectified on appeal.

19      F.    Unconstitutional State Policies

20      Petitioner claims the State of California maintains unconstitutional policies of (a)

21  requiring parole after the full service of a sentence (Pet. Claim 19), (b) failing to provide

22  effective assistance of counsel to indigent defendants as a policy (Pet. Claim 16), and (c)

23  administering Proposition 115 that allows admission of hearsay and deprives defendants of

24  the right to confront witnesses (Pet. Claim 12).

25      1.    Parole Requirement

26      Petitioner claims the term of mandatory parole that must be concluded after a prison

27  sentence under California law is unconstitutional because it violates his liberty interest under

28  the Fourteenth Amendment.

16

State sentencing courts must be accorded wide latitude in their decisions as to punishment.  Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987).  Generally, a federal court may not review a state sentence that is within statutory limits.  Id.  Petitioner concedes his sentence and subsequent mandatory term of parole are within statutory limits.  Petitioner is not entitled to federal habeas relief on this claim.  See 28 U.S.C. § 2254(d).

2.    Failure to Provide Effective Assistance of Counsel to Indigent Defendants as a Policy

Petitioner claims the State of California has adopted a policy of failing to grant indigent defendants effective appellate counsel.  As support, he cites his appellate counsel's alleged inadequacy.  Petitioner does not show that his appellate counsel was constitutionally ineffective, however.  Nor does petitioner present other evidence of the alleged unconstitutional policy; instead he relies on conclusory, speculative statements.  Petitioner is not entitled to federal habeas relief on this claim.  See 28 U.S.C. § 2254(d).

3.    Constitutional Challenge to Proposition 115

Petitioner claims that the admission of hearsay police testimony of conversations with Ms. Dupree and Ms. Green at the preliminary hearing violated his constitutional rights. Police testimony of these conversations was admitted pursuant to Proposition 115, which amended Penal Code § 872.

> Special rules apply to the admission of hearsay evidence at a preliminary hearing in a criminal case.  In June 1990, an initiative measure designated as Proposition 115 was adopted by the voters.  Along with other provisions not relevant here, the measure added the following language to the state Constitution: "In order to protect victims and witnesses in criminal cases, hearsay evidence shall be admissible at preliminary hearings, as prescribed by the Legislature or by the people through the initiative process." (Cal. Const., art. I, § 30, subd. (b).)  The measure also included statutory provisions, one of which directed that notwithstanding section 1200 of the Evidence Code, which renders hearsay generally inadmissible, at a preliminary hearing "the finding of probable cause may be based in whole or in part upon the sworn testimony of a law enforcement officer relating the statements of declarants made out of court offered for the truth of the matter asserted." (Pen. Code, § 872, subd. (b).)  The electorate, imposing a limitation on this rule, however, provided that the only law enforcement officers qualified under this provision to testify regarding hearsay statements are those who "shall either have five years of law enforcement experience or have completed a training course . . . which includes training in the investigation and reporting of cases and testifying at preliminary hearings."  (*Ibid.*)

Correa v. Superior Court, 27 Cal. 4th 444, 451-452 (2002).

United States District Court
For the Northern District of California

1    Hearsay is admissible in grand jury indictments, the equivalent of a preliminary

2    hearing in the federal system for felonies and capital offenses.  Costello v. United States, 350

3    U.S. 359, 363 (1956).  The main reason being that the right to confrontation is "basically a

4    trial right." Barber v. Page, 390 U.S. 719, 725 (1968).  "It includes both the opportunity to

5    cross-examine and the occasion for the jury to weigh the demeanor of the witness.  A

6    preliminary hearing is ordinarily a much less searching exploration into the merits of a case

7    than a trial, simply because its function is the more limited one of determining whether

8    probable cause exists to hold the accused for trial." Id.

9    Petitioner is not entitled to federal habeas relief on his challenge to the application of

10   Proposition 115 at his preliminary hearing.  The state court's rejection of the claim was not

11   contrary to, or involved an unreasonable application of, clearly established Supreme Court

12   precedent, or resulted in a decision based on an unreasonable determination of the facts.  See

13   28 U.S.C. § 2254(d).

14       G.    Unconstitutional Statute

15   Petitioner claims his right to fair trial was violated because California Health and

16   Safety Code § 11352 is vague and ambiguous and does not provide a clear statement to the

17   jury of the charge.  Pet. Claim 2.  He claims the broad scope of the statute criminalizing the

18   "sale, transportation, offer to sell controlled substance" caused the jury to convict him on the

19   basis that he "did sell, furnish, administer, and give away, and offer to sell, furnish,

20   administer, and give away, a controlled substance."  He claims he was denied the knowledge

21   of exactly what element of the charge the jury found to be true.

22   To avoid constitutional vagueness, a statute or ordinance must (1) define the offense

23   with sufficient definiteness that ordinary people can understand what conduct is prohibited;

24   and (2) establish standards to permit police to enforce the law in a non-arbitrary, non-

25   discriminatory manner.  See Vlasak v. Superior Court of Cal., 329 F.3d 683, 688-89 (9th Cir.

26   2003).  A statute will meet the certainty required by the Constitution if its language conveys

27   sufficiently definite warning as to the proscribed conduct when measured by common

28   understanding and practices.  Panther v. Hames, 991 F.2d 576, 578 (9th Cir. 1993).  Unless

1   First Amendment freedoms are implicated, however, a vagueness challenge may not rest on

2   arguments that the law is vague in its hypothetical applications, but must show that the law is

3   vague as applied to the facts of the case at hand.  United States v. Johnson, 130 F.3d 1352,

4   1354 (9th Cir. 1997).  In a facial vagueness challenge, the court must look to the plain

5   language of the statute, as well as construe the statute as it has been interpreted by the state

6   courts.  Nunez by Nunez v. City of San Diego, 114 F.3d 935, 941-42 (9th Cir. 1997).

7         California Health and Safety Code § 11352 provides:

8         (a) Except as otherwise provided in this division, every person who transports,
    imports into this state, sells, furnishes, administers, or gives away, or offers to
9   transport, import into this state, sell, furnish, administer, or give away, or attempts to
    import into this state or transport (1) any controlled substance specified in subdivision
10  (b), (c), or (e), or paragraph (1) of subdivision (f) of Section 11054, specified in
    paragraph (14), (15), or (20 of subdivision (d) of Section 11054, or specified in
11  subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section
    11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a
12  narcotic drug, unless upon the written prescription of a physician, dentist, podiatrist,
    or veterinarian licensed to practice in this state, shall be punished by imprisonment in
13  the state prison for three, four or five years.

14        (b) Notwithstanding the penalty provisions of subdivision (a), any person who
    transports for sale any controlled substances specified in subdivision (a) within this
15  state from one country to another noncontiguous county shall be punished by
    imprisonment in the sate prison for three, six or nine years.

16

17  The statute defines the offense with sufficient definiteness that clearly outlines the prohibited

18  conduct and establishes standards to permit non-arbitrary, non-discriminatory enforcement

19  by the police.  See Vlasak, 329 F.3d at 688-89.  The jury instruction reflected the evidence in

20  this case of the sale of cocaine base.  Sale was defined as "any exchange of cocaine base for

21  cash, favors, services, goods, or other noncash benefits."  RT 706.  The elements that must be

22  proved were: "One, a person sold cocaine base, a controlled substance; and two, that person

23  knew of its presence and nature as a controlled substance."  Id.  The jury instruction and the

24  statute clearly defined the proscribed conduct and specified the elements of the charge under

25  § 11352.  Petitioner is not entitled to federal habeas relief on this claim.  See 28 U.S.C. §

26  2254(d).

27  //

28  //

19

**CONCLUSION**

After a careful review of the record and pertinent law, the Court is satisfied that the petition for a writ of habeas corpus must be DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

Dated:   July 26, 2006

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

20